```
                                    U.S. DISTRICT COURT
                                 WESTERN DISTRICT ARKANSAS
                                           FILED
```

IN THE UNITED STATES DISTRICT COURT MAY 13 2008
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION  CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

CORDELL MOODY                                                    PLAINTIFF

v.                      Civil No. 08-5027

TYSON FOODS, INC. and
COREY PRINCE                                                    DEFENDANTS

## O R D E R

The Court is in receipt of a document entitled **Plaintiff's Written Objection**, which plaintiff sent to the Clerk's Office with the request that it be filed. Because this document does not fit into any recognized pleading category for filing, and because it evidences serious misunderstandings on the part of plaintiff as to his responsibilities as a litigant before this Court, the Court has attached it to this Order, and will address it as follows:

1. Plaintiff contends that the only telephone conference that has been held in this matter was in April, 2008. If that is correct, then the document he filed called "Plaintiff [sic] Report Concerning Conference" is clearly not correct, in that it recites a telephone conference on or about March 19, 2008. Notwithstanding the date on which a telephone conference was held, it appears that the parties have conferred, as required by **F.R.C.P. 26(f)**, and a Civil Trial Scheduling Order has now been entered, which will govern the preparation of this case for trial.

2. Settlement negotiations are NOT to be brought to the Court's attention. These are matters between the parties as to

which the Court has no interest, and it is highly improper to present to the Court the matters plaintiff included on this topic.

3. Disclosure of expert witnesses is required, both by **F.R.C.P. 26** and by the Civil Trial Scheduling Order. Plaintiff is directed to familiarize himself with the **Federal Rules of Civil Procedure** (available in any law library), the **Rules of the United States District Court For The Eastern And Western Districts Of Arkansas** (available on the Court's website, at **www.arwd.uscourts.gov**), and the Civil Trial Scheduling Order, and to comply with all such procedural rules. *Pro se* status "does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." **Ackra Direct Marketeing Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996)**.

4. In light of the very serious allegations of misconduct made against defense counsel in this document, plaintiff is directed to specifically familiarize himself with the provisions of **F.R.C.P. 11**, which provides that

> [b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

A party, whether represented by counsel or not, may be sanctioned for failure to comply with this Rule.

Plaintiff rather rashly accuses defense counsel of withholding evidence, presenting false statements, and not telling the Court "the whole truth." Considering that discovery had not yet commenced when these allegations were made, and that the statements to the Court have to do with settlement negotiations which plaintiff should not even have presented to the Court, the Court believes plaintiff is probably in violation of **Rule 11**. However, because the Court believes that plaintiff was not aware of **Rule 11**, it will not direct him to show cause *at this time* why he should not be sanctioned for these statements. It will, however, caution plaintiff to restrict his statements in documents filed with the Court to the facts and the law of his case, as appropriate for consideration by the Court. Any further conduct which calls into question the provisions of **Rule 11** will result in the issuance of a show cause order.

**IT IS SO ORDERED** this 13th day of May, 2008.

                                                     /s/ Jimm Larry Hendren
                                                     **JIMM LARRY HENDREN**
                                                     **UNITED STATES DISTRICT JUDGE**

RE: Moody V. Tyson, et al,. under case # 5:08-Cv-5027

Dear Hon. Clerk,

Will you please file my written objection? And bring this matter to the Hon. Judge's attention? And see attached letter about the settlement from Everett & Walls signed by Christy Comstock. But I never did agree to no $10,000. They mention the money proposal first.

Thanks for your prompt consideration

*Cordell Moody* (signature)

Date: May 4, 2008

RECEIVED
WD/AR
MAY 08 2008
U.S. CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CORDELL MOODY
    plaintiff

v.

TYSON FOODS INC.&
COREY PRINCE, ET AL,.

CASE NO.5:08-CV-5027

## PLAINTIFF'S WRITTEN OBJECTION

TO THE HONORABLE JUDGE OF SAID COURT:

    I,Plaintiff Cordell Moody object to all and any of the defendant;s allegations.The only telephone conference that was made,was by me, plaintiff Moody on or about April 2008.Plaintiff do not have knowledge of any other telephones.calls.And defendants Attorney Christy Comstock and plaintiff Moody did at that time discuss a settlement of $10,000.And there was a letter dated April 2,2008 by Attorney Christy Comstock stating dear Mr.Moody.Thank you for your offer of $10,000 to resolve this matter.I conveyed your offer to my clients however at this time defendants are rejecting your offer.Well plaintiff never did say that he wanted $10,000.Plaintiff only said what if I did say $10,000?Plaintiff really did not want no $10,000 plaintiff still seeks(six million dollars)for all damages.

    Plaintiff object to any disclosures,or any disclosing his expert witnesses.Plaintiff witnesses will appear in court to testify in plaintiff behalf.When it is time for plaintiff witnesses to appear at the Honorable Judge's discretion.

    Plaintiff object to defendant's even alleging any protective order at any time.Because there have not been any,or no threats made by the plaintiff.Nor have plaintiff made any threats or misconduct off in his pleadings.The only misconduct that was ever made was by the defendant Corey Prience.

    Plaintiff object to the defendants false statements,by trying to put words in plaintiff mouth.And trying to use professional law statutes,and Federal Rules to make plaintiff look like a dummy or a fool.

    THEREFORE,Plaintiff Prays that the (six million dollars)will be granted.Not only for a tooth,or teeth,granting for all other damages of misconduct words,unprofessional work skills,negligence,mental anguish,conspiracy,discrimination,prejudice,retaliation,racial motives,loss of sleep,hardships,delay of damages,etc,.And what ever more misconduct maybe entitled.

Respectfully submitted
*Cordell Moody*
plaintiff
1850 Fm 1969
Avinger,Tx75630

Phone #(903)755-4085

Note: Defendant's attorneys Everett & Walls have not reveal the whole truth to the Honorable Courts,.Attorneys have not been faithful or truthful to plaintiff of all things and Attorneys for the defendants have not told the Honorable Courts the whole truth.Attorneys Everett & Walls did present,or presented false statements.By withholding some evidence.See attached evidence,and attorneys or any other high ranking officials that holds a high ranking position or not suppose to use their position to make a unfair profit. or bring false statements to the Honorable Courts,or to the plaintiff.Or any of their clients,Lawyers are not suppose to influence other with fear,or encourage other to do what ever they want them to do or say.which will be misrepresentation. And effective assistance of counsel to engage in any wrongdoing.Attorneys can be disqualified under Fed.Evid.Rule 403 of the Federal Rules; Civil procedures.Of withholding the evidence or destroying the evidence.

 Since this suit been going on plaintiff been getting threaten telephone calls.And plaintiff got shot at in his own front yard police,Officer Rainey came out to investigate.Plaintiff is not saying that this case had anything to do with this matter.But plaintiff can say this much Attorney Everett & Walls have been withholding evidence,or to make a unfair profit.Fed.Evid.Rule 403.

_____
plaintiff

### Certificate of Service

I,do hereby certify that a true copy of the matter has been mailed by postage pre-paid to the Honorable Clerk,of the U.S. District Court 35 E.Mountain,RM.510,Fayetteville,AR.72701.And a copy of the same has been forwarded to Attorney Everett & Walls,Christy Comstock,P.O.Box 8370 Fayetteville,AR.72703.And a copy of the same has been forwarded to Tyson Foods Inc.& Corey Prience,at 667 N.Meadowlands Drive,Fayetteville AR.72704. On this 4th day of May 2008.

_____
plaintiff

# EVERETT & WALES

Attorneys at Law
1944 E. Joyce Blvd.
P.O. Box 8370
Fayetteville, Arkansas 72703
e-mail: Christy@everettfirm.com

John C. Everett, P.A.
Jason H. Wales, P.A.
Christy Comstock, P.A.
Randall Wakefield

Telephone:
(479) 443-0292
Facsimile:
(479) 443-0564

April 2, 2008

Cordell Moody
1850 FM 1969
Avinger, TX 75630

**RE:** *Cordell Moody v. Tyson Foods, Inc. and Corey Prince;*
*USDC, W.D. of AR, Fay. Div., Case No. CV 08-5027*

Dear Mr. Moody:

Thank you for your offer of $10,000 to resolve this matter.

I conveyed your offer to my clients; however, at this time, Defendants are rejecting your offer.

Sincerely,

EVERETT & WALES

Christy Comstock

Mr. Cordell Moody
1850 Fm 1969
Avinger, Tx. 75630

EAST TEXAS P&DC
TX 757
05 MAY 2008 PM 2 L

LET US DARE TO READ,
THINK, SPEAK AND WRITE
John Adams
powerISBN

HON. CLERK
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
35 B. Mountain, Rm. 510
Fayetteville, AR. 72701

72701+5715