```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**CORDELL MOODY**                                                **PLAINTIFF**

       v.               Civil No. 08-5027

**TYSON FOODS, INC. and**
**COREY PRINCE**                                                 **DEFENDANTS**

### O R D E R

Now on this 13th day of November, 2008, comes on for consideration **Defendants' Motion For Partial Summary Judgment** (document #34), and from said motion, and the response thereto, the Court finds and orders as follows:

1.  Plaintiff's *pro se* Complaint alleges that he broke several teeth on a rock in ground meat distributed by Tyson Foods, Inc. ("Tyson"). Defendant Prince was involved in some capacity in trying to resolve plaintiff's claim for damages before suit was filed. Read broadly, as *pro se* legal work is read under **Haines v. Kerner, 404 U.S. 519 (1972),** plaintiff asserts a product liability claim against Tyson, and one of three possible claims against Prince. The claims against Prince are addressed by the pending motion.

2.  Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**,

**31 F.3d 696 (8th Cir. 1994).** Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp., 45 F.3d 262 (8th Cir. 1995).** The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

    3. Defendants address two potential theories upon which plaintiff might base his claims against Prince: products liability and bad faith. In regards to the first, they offer the Affidavit of Corey Prince to the effect that Prince is a claims adjuster employed by Tyson Shared Services, Inc., a wholly owned subsidiary of Tyson Foods, Inc., and has never been personally involved in the manufacture of any protein product. Plaintiff offers nothing to counter this Affidavit.

    In order to prove a claim sounding in products liability, plaintiff must prove -- among other things -- that a defendant manufactured, assembled, sold, leased or otherwise supplied a product in a defective condition which rendered it unreasonably dangerous. **AMI 1008.** In the absence of any evidence that Prince was involved in the chain of distribution of the product in

question, the Court finds that summary judgment on any products liability cause of action as against him, individually, should be granted.

4. With regard to a cause of action for bad faith, the Arkansas Supreme Court has limited its application to insurance companies. Even for an action sounding in contract, breach of the implied duty of good faith does not, in and of itself, create a cause of action. **Country Corner Food and Drug, Inc. v. First State Bank and Trust Co. of Conway, Arkansas**, 332 Ark. 645, 966 S.W.2d 894 (1998). Because Prince is not an insurance company, or even an employee of an insurance company, there can be no viable claim for bad faith as against him.

Even were the tort to apply to Prince, plaintiff offers no evidence of conduct on Prince's part that would amount to bad faith. In **State Auto Property and Casualty Insurance Co. v. Swaim, 338 Ark. 49, 991 S.W.2d 555 (Ark. 1999),** the Arkansas Supreme Court held that "[m]ere negligence or bad judgment is insufficient," that "[t]he tort of bad faith does not arise from mere denial of a claim," and that bad faith is "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge."

The record reflects that Prince wrote plaintiff two letters, dated July 24, 2007, and October 11, 2007, both of which are entirely professional and respectful. The only evidence that

would contradict this picture is plaintiff's deposition testimony that in a telephone conversation about his claim, Prince asked him "[c]ouldn't it be that your teeth could be so irritated that you broke it on any thang?"  Plaintiff interpreted this not as a question about "anything," perhaps spoken with a Southern accent and sounding like "anythang," which would be the logical interpretation, but as a question about any "thang," which plaintiff understood to be a slang word for penis.  Plaintiff took offense at the question, asked Prince if he was gay, and the conversation went downhill from there.

The Court is not persuaded that any reasonable juror would, or even could, find that Prince actually was referring to a penis in his question to plaintiff, let alone that he did so out of dishonesty, malice, hatred, ill will, a spirit of revenge, or a desire to oppress.  The facts -- even as perceived by plaintiff -- simply do not amount to bad faith, and summary judgment on this claim is appropriate.

5.   The Court has also contemplated the possibility that plaintiff seeks to assert a claim against Prince under **42 U.S.C. §1983,** given the assertion in his Complaint that he wants to "protect his Civil Rights and Constitution Rights of the United States" and his repeated assertions in deposition that Prince made "racic" comments to him.  If that is the nature of plaintiff's claim against Prince, summary judgment in favor of Prince is

appropriate in view of the fact that **§1983** requires action "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," whereas the allegations in this case are of purely private action.

6. Because none of the possible theories upon which plaintiff bases his claims against Prince are viable, the Court finds that summary judgment in favor of Prince is appropriate.

**IT IS THEREFORE ORDERED** that **Defendants' Motion For Partial Summary Judgment** (document #34) is **granted**, and plaintiff's claims against Corey Prince are **dismissed with prejudice**.

**IT IS SO ORDERED.**

                                                  /s/ Jimm Larry Hendren
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**