```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

**CORDELL MOODY**                                                              **PLAINTIFF**

    **v.**    **Civil No. 08-5027**

**TYSON FOODS, INC. and**
**COREY PRINCE**                                                               **DEFENDANTS**

### O R D E R

On this 9th day of December, 2008, the Court conducted a conference call to consider defendants' **Motion To Dismiss** (document #40), and a document entitled **Plaintiff's Pre-Trial Information Sheet Concerning Settlement Agreement** (document #41), which the Court has caused to be filed as an objection to the Motion To Dismiss.

Plaintiff concedes that he participated in a settlement conference before Magistrate Judge James R. Marschewski, and agreed to settle this case for $1,000.00. The Settlement Agreement & Release of All Claims provides that, in return for the money, plaintiff will release defendants from all claims; will be responsible for any and all "unpaid dental bills or future dental bills and/or expenses with respect to his claim"; and will dismiss his claim with prejudice.

Plaintiff contends, however, that he agreed that $1,000.00 "might fix his teeth," and that if it did not, defendants would pay the balance to do so. He also claims that he was acting "under the influence of fear" when he agreed to the settlement,

the "fear" apparently being fear that he might not win his case.

Plaintiff further concedes that after the settlement conference, he returned to his home in Texas, where he received the Settlement Agreement & Release of All Claims in the mail, and signed it before a Notary Public.  He asserts that he did not read the entire document, again because he was "influenced by fear."

The Court rejects both plaintiff's contention that the Settlement Agreement & Release of All Claims did not fully and fairly set forth the terms of the settlement, and the notion that plaintiff signed it out of fear.  Plaintiff had the opportunity to read the document on his own turf and his own time, and signed it with no one present but a Notary Public.

Plaintiff also concedes that he has received defendants' check for $1,000.00, and has cashed it.

The foregoing scenario gives the Court no reason to set aside the Settlement Agreement & Release of All Claims.  The Court finds that defendants' **Motion To Dismiss** (document #40) should be, and same hereby is, **granted**, and this matter is **dismissed with prejudice**.

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**